Jeffrey A. Cogan, Esq.
Nevada Bar No. 4569
JEFFREY A. COGAN, ESQ., LTD.
6900 Westcliff Drive, Suite 602
Las Vegas, Nevada 89145
Telephone: (702) 474-4220
Facsimile: (702) 474-4228
E-mail: jeffrey@jeffreycogan.com
Attorney for Debtor, Gregor Kohn

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>GREGOR KOHN,<br><br>           Debtor. | Case No.:   BK-S-12-22040-LED<br>Chapter 7 |
| MICHAEL LIBIDINSKY,<br><br>           Plaintiff,<br>vs.<br><br>GREGOR KOHN,<br><br>           Defendant. | Adv. Case No.: BK-S-13-01062-LED<br><br>**MOTION TO DISMISS COUNT III OF COMPLAINT RE: DISCHARGEABILITY UNDER 11 U.S.C. § 523(a)(4)**<br><br>Date of Hearing: November 4, 2013<br>Time of Hearing: 9:30 a.m. |

COMES NOW, Defendant Gregor Kohn, by and through his attorney, Jeffrey A. Cogan, Esq., Ltd., and hereby files this Motion to Dismiss Count III of the Adversary Complaint. This Motion is made and based upon Fed. R. Bankr. P. 7012(b), Fed. R. Civ. P. 12(b)(6), and 11 U.S.C. § 523(a)(4), the following Points and Authorities, and the Arguments of Counsel at the hearing on the matter.

DATED this 4th day of October, 2013.

                                              JEFFREY A. COGAN, ESQ., LTD.

                                              By   /s/ Jeffrey A. Cogan, Esq.
                                                   Jeffrey A. Cogan, Esq.
                                                   Nevada Bar No. 4569
                                                   6900 Westcliff Drive, Suite 602
                                                   Las Vegas, Nevada 89145
                                                   Attorney for Debtor/Defendant
                                                      Gregor Kohn

# POINTS AND AUTHORITIES

## I.

## STATEMENT OF FACTS

Count III of the "Complaint Objecting to Dischargeability of Debt" states, in part:

> 26. This is an action objecting to the dischargeability of Defendant's debt to Plaintiff pursuant to bankruptcy code section 523(a)(4) and for recovery of damages, attorney's fees and costs.
>
> 27. At all material times, Defendant held himself out as a general contractor and the companies that he owned, directed and managed, as licensed general contracting companies; and, he signed contracts with homeowners, including Plaintiff, for the provision of labor and materials and the repair, alteration, remodeling, demolition, and other improvements to real estate.
>
> 28. At all material times, Defendant sought and received compensation for the provision of labor and materials for the improvement of real property, thereby falling within the definition of "contractor" under Florida Statutes, section 489.105.
>
> 29. As a contractor, Defendant had a fiduciary obligation to provide labor and materials in accordance with Chapter 489 of Florida Statutes and in accordance with the South Florida Building Code. He also had a fiduciary duty to apply money paid by Plaintiff to labor and materials on Plaintiff's project, but he failed to do so.
>
> 30. At all material times, Defendant committed fraud while acting in a fiduciary capacity and was found liable by a jury for fraud, violations of Florida Statutes, Section 489.126, for violation of the Florida Deceptive and Unfair Trade Practices Act; and, as a result, Plaintiff incurred damages.
>
> 29. [sic] The debt represented by the Amended Final Judgment for Plaintiff is exempt from discharge because it was incurred as a result of Defendant's fraud while acting in a fiduciary capacity.

///

///

///

# II.

# STATEMENT OF LAW

**1.     STANDARD ON MOTION TO DISMISS.**

Federal Rules of Civil Procedure 1 states:  "These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."  The granting of a Motion to Dismiss as to a claim for relief that Rule 7012(b) of the Federal Rules of Bankruptcy Procedure governs motions to dismiss. It incorporates Rule 12 of the Federal Rules of Civil Procedure and requires that a responsive pleading in an adversary proceeding either admit or deny the allegation that proceeding is core or non-core. *See* Fed. R. Bankr. P. 7012(b). Furthermore, Rule 12(b)(6) provides that a case may be dismissed for "failure to state a claim upon which relief can be granted." Fed R. Civ. P. 12(b)(6).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct.  1937,1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557). However, where there are well pled factual allegations, the court should assume their veracity and determine if they give rise to relief. *Id.* at 1950. Here, essential elements of Section 523(a)(4) – a fiduciary relationship involving a trust are missing.  Thus, the Complaint should be dismissed for failure to state a claim under Rule 12(b)(6).

**2.     Count III does not meet the requirements of fiduciary.**

Plaintiff contends that "As a contractor, Defendant had a fiduciary obligation to provide labor and materials in accordance with Chapter 489 of Florida Statutes and in accordance with the

South Florida Building Code. He also had a fiduciary duty to apply money paid by Plaintiff to labor and materials on Plaintiff's project, but he failed to do so." *See* "Complaint Objecting to Dischargeability of Debt", page 7, lines 7-10. Therefore, the basis of the claim is that Mr. Kohn, solely resulting from his status as a contractor owed a fiduciary duty.

A review of Chapter 489 of the Florida Statutes shows that it never uses the word "fiduciary." Irrespective, the Complaint does not meet the requirements of a fiduciary under the Code. 11 U.S.C. § 523 states:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> * * *
>
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

The Ninth Circuit Bankruptcy Appellate Panel recently wrote:

> To prevail on a nondischargeability claim under § 523(a)(4) the plaintiff must prove not only the debtor's fraud or defalcation, but also that the debtor was acting in a fiduciary capacity when the debtor committed the fraud or defalcation. *See In re Teichman*, 774 F.2d 1395 (9th Cir.1985); and *In re Bugna*, 3,3 F.3d at 1057.
>
> The broad definition of fiduciary under nonbankruptcy law—a relationship involving trust, confidence, and good faith—is inapplicable in the dischargeability context. *Cal–Micro, Inc. v. Cantrell (In re Cantrell)*, 329 F.3d 1119, 1125 (9th Cir.2003); *Lewis v. Short (In re Short),* 818 F.2d 693, 695 (9th Cir.1987); *Ragsdale v. Haller*, 780 F.2d 794, 796 (9th Cir.1986); *Woosley v. Edwards (In re Woosley),* 117 B.R. 524, 529 (9th Cir. BAP 1990). For purposes of § 523(a)(4), the Ninth Circuit has adopted a narrow definition of "fiduciary." **To fit within § 523(a)(4), the fiduciary relationship must be one arising from an express or technical trust that was imposed before, and without reference to, the wrongdoing that caused the debt** . . . . *Ragsdale*, 780 F.2d at 796; *Cantrell,* 329 F.3d at 1125 ( citing *Lewis v. Scott (In re Lewis)*, 97 F.3d 1182, 1185 (9th Cir.1996)).

**1**   (Emphasis added).

**2**

> While the scope of the term "fiduciary capacity" is a question of federal law, the Ninth Circuit has considered state law to ascertain whether the requisite trust relationship exists. *Ragsdale*, 780 F.2d at 796; *In re Cantrell*, 329 F.3d at 1125; and *In re Woosley,* 117 B.R. at 529. **For a trust relationship under § 523(a)(4) to be established, the applicable state law must clearly define fiduciary duties and identify trust property**. *See Runnion v. Pedrazzini (In re Pedrazzini)*, 644 F.2d 756, 759 (9th Cir.1981). . . . . **The mere fact that state law puts two parties in a fiduciary-like relationship does not necessarily mean it is a fiduciary relationship within 11 U.S.C. § 523(a)(4).** *See* generally *Pedrazzini,* 644 F.2d at 759.

*In re Theodore E. Honkanen and Marcella J. Honkanen,* 446 B.R. 373, 378-79 (9th Cir. B.A.P. 2011). *Honkanen* further stated, "For a trust relationship under § 523(a)(4) to be established, the applicable state law must clearly define fiduciary duties and identify trust property. *Id.*, 446 B.R. at 378.

Former Bankruptcy Judge for the District of Nevada, now the Chief Judge for the United States District Court for the District of Nevada, wrote thirty (30) years ago, but still relevant today, the case of *In re Schultz*, which addressed a general contractor and a complaint under 11 U.S.C. § 523(a)(4). The case involved representatives of union members suing William Schultz, a licensed contractor who employed local union employees. *See In re Schultz*, 46 B.R. 880, 883 (Bankr. NV 1985). Mr. Schultz was required to make payments for fringe payments to the union trust. The Court wrote, "the parties' contracts do not create the requisite trust, but merely establish an ordinary commercial relationship between the debtors and the trust funds." *Id.* at 885.

Judge Jones gave lengthy analysis of Mr. Schultz's actions and wrote:

> Applying these principles to the matter *sub judice,* the Court is not convinced that the contractor who receives payment holds those funds as a fiduciary in the strict sense required by the Code. Where a contract provides for certain services at certain prices, and there is a transfer of money within the contract price, ownership as well as possession passes, and all that remains is a contractual obligation. *Stanshine v. Kalmar (In re Kalmar),* 18 B.R. 343, 345 (Bankr.E.D.Penn. 1982) (funds advanced to a construction contractor become his own property). Therefore, **when Schultz received payment pursuant to his own contract within the contract price, ownership of the funds was to pass to him.** The Nevada statutes are not clearly intended to so drastically alter the contractor's presumed property rights in the funds received, as to create a trust. The language of Nev.Rev.Stat. § 205.310 is certainly not unambiguous, and no fiduciary duties are spelled out. *Compare Kawczynski, supra.* At most, the statute creates an agency of a type excluded from the reach of § 523(a)(4): Even if Schultz became an "agent" by operation of the statute, nevertheless, he had a "present right" to the funds received and they became his property. Since one cannot be a fiduciary in the strict sense when handling one's own money, Schultz' obligation to pay the fringe benefits was a contractual—not a fiduciary—debt. (Emphasis added).

*In re Schultz,* 46 B.R. 880, 887-88.

Plaintiff cited Florida Statute, Section 489.126 in support of the contention that Mr. Kohn was in a fiduciary capacity. While the statute discusses fraud in receiving funds for which no work was performed, it does not mention any sort of fiduciary relationship arising. The most pertinent point of the statute is 489.126 "(b)(3) The contractor failed, for an additional 30-day period after the date of mailing of notification as specified in paragraph (c), to perform any work for which he or she contracted, gives rise to an inference that the money in excess of the value of the work performed was taken with the intent to defraud."

**A.     Analysis**

What Debtor/Defendant did with the Plaintiff's money is not relevant in any way to the disposition of the Motion and no fiduciary relationship was established. Under *Schultz,* when Mr.

Kohn,[1] received any payments, under the Bankruptcy Code, the payments became his personal property unentangled from any ownership the Plaintiff.   Judge Jones clearly stated that no fiduciary relationship was created in *Schultz* and therefore, when Mr. Kohn possessed the money for the construction, it was for himself, not for the Plaintiff. At best, the only fiduciary relationship that arose when Plaintiff paid the money was between Mr. Kohn and Exantus Construction but certainly not with the Plaintiff.

      The B.A.P. in *Honkanen* stated that the mere fact that state law puts the parties in a fiduciary-like relationship does not necessarily mean it is a fiduciary relationship under 11 U.S.C. § 523(a)(4).  Applicable state law must clearly define fiduciary duties and identify trust property.

      In a Florida case involving a commercial building contract, there was a clause that was analyzed, and yet, still did not give rise to a fiduciary relationship.  The Florida Court of Appeals wrote:

> While Barker clearly was acting as an independent contractor dealing at arms length in negotiating with the Hensons and agreeing to construct the building in accordance with the plans and specifications described in the construction contract, once that contract was executed and Barker undertook its performance, the nature of that arm's-length relationship necessarily changed by reason of paragraph 3.1 of the contract, which provides:
>
>> The Contractor accepts the relationship of trust and confidence established between him and the Owner by this Agreement. He covenants with the Owner to furnish his best skill and judgment and to cooperate with the Architect in furthering the interests of the Owner. He agrees to furnish efficient business administration and superintendence and to use his best efforts to furnish at all times an adequate supply of workmen and materials, and to perform the Work in the best way and in the most

---

[1] For the purposes of this Motion, as all of Plaintiff's allegations must be accepted as true, Defendant will not make a distinction between Exantus Construction and the Debtor individually. Thus, if Exantus Construction received money from the Plaintiff, it will be imputed as Mr. Kohn received the money.

> expeditious and economical manner consistent with the interests of the Owner.
>
> Although this provision did not create a true fiduciary relationship in the classic sense, nevertheless it imposed upon Barker certain duties that would not otherwise be imposed under the concept of caveat emptor generally applicable to an independent contractor dealing completely at arm's length.

*Henson v. James M. Barker Co., Inc.*, 555 So.2d 901, 906 (Fla. App. 1 Dist., 1990).

Additionally, Florida law states:

> "A fiduciary relationship is based on trust and confidence between the parties where 'confidence is reposed by one party and a trust accepted by the other,....'"*Taylor Woodrow Homes Fla., Inc. v. 4/46-A Corp.*, 850 So.2d 536, 540 (Fla. 5th DCA 2003) (quoting *Quinn v. Phipps*, 93 Fla. 805, 113 So. 419, 421 (1927)). However, "[w]hen the parties are dealing at arm's length, a fiduciary relationship does not exist because there is no duty imposed on either party to protect or benefit the other." *Id.* at 541.

*Mac-Gray Services, Inc. v. Degeorge*, 913 So.2d 630, 633 (Fl., 2005).  There is no mention of any fiduciary relationship or fiduciary duties in the statute cited by Plaintiff nor under Florida case law for a building contractor and a homeowner.  So, under state and federal law, there is no liability under 11 U.S.C. § 523(a)(4) because Plaintiff cannot establish a fiduciary relationship between the Plaintiff as a homeowner and the Defendant as a building contractor.

**3.    COUNT III DOES NOT ESTABLISH A TRUST DESPITE SECTION 489 OF THE FLORIDA STATUTES.**

Assuming that Chapter 489 of the Florida Statutes provides the appropriate state law language for a "fiduciary capacity", this does not meet the requirements of 11 U.S.C. § 523(a)(4).  In a contractor case from the District of Minnesota, despite a statute that creates an express trust at the moment the contractor receives funds from the homeowner, the Court did not find a fiduciary relationship between the customer and the contractor. The facts are:

The Gadtkes hires Bruce Bren's closely held corporation, Bruce Bren Homes, Inc. (hereinafter "BBHI") to build a home for $1,273,636. *See In re Bren*, 264 B.R. 681, 687 (Bankr. Minn. 2002). The Gadtkes make progress payments and about seven months after entering into the contract, the Gadtkes receive a letter from a subcontractor stating that it had not been paid by BBHI. In December 2001, the Gadtkes had paid BBHI $573,138 and BBHI paid $380,711.10 and the Petition for Relief was filed. *See id.* at 689. Plaintiffs filed suit under multiple theories including § 523(a)(4).

The Gadtkes claimed that Minnesota Statute § 514.02 established a trust. The Court wrote, "Subdivision 1(a) of that statutory provision states: 'Proceeds of payments received by a person contributing to an improvement to real estate . . . . shall be held in trust by that person for the benefit of those persons who furnished the labor, skill, material or machinery contributing to the improvement.'" *Id.* at 696. The Court went on to write the "fiduciary" status in question under 11 U.S.C. § 523(a)(4) must arise under an express, pre-existing trust." *Id.* "The Gadtkes argue that the fiduciary requirement of 11 U.S.C. § 523(a)(4) is satisfied by Minn. Stat. § 514.02 because that provision creates an express trust at the moment the contractor receives funds from the homeowner." *Id.*

Judge Kressel wrote:

> First, I find that if a trust is created by the statute, it is not an express technical trust, but one implied by law. Statutory trusts are neither express or technical trusts. *Mo-Kam Iron Workers Pension Fund v. Engleman (In re Engelman0,* 271 B.R. 366, 370, (Bankr. W.D. Mo. 2001). "A statute alone cannot, in the absence of the parties' express intention, create an express or technical trust." *Id.* (quoting *Spinoso v. Heilman (In re Heilman),* 241 B.R. 137, 162 (Bankr. D. Md. 1999). The concept of 'fiduciary capacity' for purposes of § 523(a)(4), however, is limited to an express or technical trust. *In re Koelfgen,* 87 B.R. at 996; *In re Crea,* 31 B.R. at 244; *see also In re Long*, 774 F.2d at 878 (stating that it is has long been established that the Bankruptcy Act reference to 'fiduciaries' applies to trustees of express trusts).

*In re Bren,* 284 B.R. 681, 697 (Bankr. Minn. 2002).

### A. Analysis.

Judge Jones in *Schultz* stated that money paid to a contractor becomes the contractor's money and not that of the Plaintiff. It should go without saying that besides not creating a fiduciary relationship as discuss *supra*, it cannot create a trust. Mr. Kohn held the money as his own and thus, there was no trust. In *Honkanen* states that there must be a state law to establish a trust and it must be an express or technical trust. Judge Kressel of Minnesota found that a trust imposed by statute is not an express technical trust but one implied by law. Statutory trusts are neither express or technical.

Therefore, even if Plaintiff can point to a Florida Statute that states a trust is created when the Plaintiff paid Mr. Kohn money for home improvements, no trust was formed that was sufficient to come under the purview of 11 U.S.C. § 523(a)(4). Judge Kressel stated that a statute cannot create a trust without the parties' express intention. There is no allegation in the Complaint that alleges that Mr. Kohn expressed a desire to hold Plaintiff's money in trust. Having not alleged a proper trust in the Complaint requires that this Honorable Court dismiss Count III of the Complaint.

### CONCLUSION

This Court is not required to determine whether there is a valid claim for fraud to analyze this Complaint, which would preclude the granting of the Motion to Dismiss Count III. Case law is clear that when there is a deposit for construction work, this creates solely a contractual obligation but does not create either a trust nor a fiduciary relationship. Even if there is a statute that either creates a criminal liability or a trust, there is no claim for relief under 11 U.S.C. §

523(a)(4). A trust created under statute is not an express or technical trust, but is one implied by law and does not fit into the Bankruptcy case law interpreting § 523(a)(4).

Therefore, there are no set of facts pled by Plaintiff that can provide relief for fraud while in a fiduciary capacity as there can never be a proper trust or a fiduciary relationship. As such, this Honorable Court must dismiss Count III with prejudice.

DATED this 4th day of October, 2013.

JEFFREY A. COGAN, ESQ., LTD.

By  /s/ Jeffrey A. Cogan, Esq.
    Jeffrey A. Cogan, Esq.
    Nevada Bar No. 4569
    6900 Westcliff Drive, Suite 602
    Las Vegas, Nevada 89145
    Telephone: (702) 474-4220
    Facsimile: (702) 474-4228
    E-mail: jeffrey@jeffreycogan.com
    Attorney for Debtor/Defendant
      Gregor Kohn